IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 08-00739 SOM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR RECONSIDERATION |
| | ) | AND SPECIFIC RULINGS |
| RAMIRO HERNANDEZ, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION AND SPECIFIC RULINGS**

I.     **INTRODUCTION.**

On February 1, 2012, Ramiro Hernandez was convicted by a jury of conspiracy to distribute and possess methamphetamine, possession of methamphetamine, and attempted possession of methamphetamine. Hernandez now moves for reconsideration of portions of this court's order denying his motion for a new trial, or for more specific rulings. In particular, he disagrees with this court's ruling that he was not deprived of his Sixth Amendment right of confrontation when, at trial, a Drug Enforcement Administration agent, Sean Zelka, testified about statements made by a witness, Raymond Villagomez, who had refused to testify. The court denies Hernandez's reconsideration motion.

The parties are familiar with the facts of this case. The facts relevant to the present motion are detailed in this court's order denying Hernandez's motion for a new trial and are not repeated here. See Order Denying Defendants' Motion for New

Trial and/or Judgment of Acquittal ("Order"), May 3, 2012, ECF No. 418.

**II.   LEGAL STANDARD.**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); United States v. Mendez, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial); United States v. Hector, 368 F. Supp. 2d 1060, 1063 (C. D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress).

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." Mendez, 2008 WL 2561962, at *2 (citing Hector, 368

F. Supp. 2d at 1063, and Fiorelli, 337 F.3d at 286). Courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. See id. (applying the standard governing Rule 60(b)); Hector, 368 F. Supp. 2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion). See also Martin (stating that a motion seeking reconsideration of a ruling on a § 2255 petition appears to be properly governed by Rule 59(e)). Federal Rule of Criminal Procedure 57(b), "Procedure When There is No Controlling Law," states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment. Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting Wright et al., supra, § 2810.1). See also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion"). A Rule 59(e) motion may be granted on any of four

3

grounds: (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law. McDowell, 197 F.3d at 1255 n.1 (quoting Wright et al., supra, § 2810.1).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court. Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

## III. ANALYSIS.

Hernandez fails to identify any ground on which either Rule 59(e) or Rule 60(b) is satisfied. He concedes that his motion is based on the same arguments he raised in his motion for a new trial and his desire to preserve his claims on appeal rather than on new evidence or law: "Because of the arguments raised in his motion for new trial and concern that if he does not request certain rulings that may be deemed waived, defendant makes this motion." Defendant's Motion for Reconsideration and Motion for Specific Rulings ("Motion") at 2, May 16, 2012, ECF No. 421. Hernandez cannot use this motion to reassert arguments that already have been rejected or to belatedly raise arguments he should and could have raised earlier.

When Villagomez refused to testify at trial, this court permitted Agent Zelka to testify under Rules 804(a)(2) and 804(b)(6) of the Federal Rules of Evidence about statements made by Villagomez. This court ruled that Agent Zelka's testimony did not violate Hernandez's Sixth Amendment right of confrontation because this court found by a preponderance of the evidence that Hernandez specifically intended to prevent Villagomez from testifying through his involvement in threats made to Villagomez and Villagomez's wife by individuals acting on Hernandez's behalf. This court maintained those rulings in

its order denying Hernandez's motion for a new trial.  See Order at 18.

As he did in his motion seeking a new trial, Hernandez now argues that this court erroneously found that Villagomez was an unavailable witness, that this court applied the wrong standard in finding that Hernandez intended to cause Villagomez to be unavailable, and that this court had insufficient evidence to make that finding.  See Defendant's Motion for New Trial and/or Motion for Judgment of Acquittal at 4-12, ECF No. 402.  This court addressed those exact arguments in detail in its order denying Hernandez's motion for a new trial.  See Order at 7-19.

Hernandez now fails to raise any ground on which this court should reconsider the rulings it made in response to those arguments.  He points to no new or overlooked evidence or law showing that this court's rulings were based on an error of law or fact or that there has been a change in controlling law.  Hernandez appears to be relying on the same authorities that he relied on in moving for a new trial.[1]  Nor does Hernandez point

---

[1] On August 16, 2012, the Ninth Circuit decided United States v. Duenas, Nos. 09-10492, 09-10496, 2012 WL 3517605 (9th Cir. Aug. 16, 2012).  The Ninth Circuit reversed a ruling by the United States District Court for the District of Guam permitting the United States to introduce at trial statements made by an unavailable witness during a pretrial hearing.  Id. at *16.  The witness had been killed by a drunk driver after the pretrial hearing but before trial.  Id. at *5.  Duenas is distinguishable from this case.  In issue in Duenas was whether the unavailable

to any mistake, inadvertence, excusable neglect, or fraud on the part of any party or the court. He merely reasserts the arguments that this court rejected both at trial and in his motion for a new trial. The court thus declines to reconsider its ruling that Hernandez was not deprived of his constitutional right of confrontation.

Hernandez also asks this court for "more specific rulings." In particular he asks for rulings on:

> 1. Whether the Constitution's Sixth Amendment right to confrontation is or is not coequal with Fed. R. Evid. 804(b)(6);

---

witness's statements were properly permitted pursuant to Rule 804(b)(1) of the Federal Rules of Evidence, not whether the admission of those statements violated the defendant's right of confrontation. Rule 804(b)(1) permits the admission of former testimony as a hearsay exception when the former testimony is being offered against a party who had an "opportunity and similar motive" to cross-examine the declarant.

The Ninth Circuit held in <u>Duenas</u> that the defendant did not have similar motives to cross-examine the declarant at the pretrial hearing and at trial. 2012 WL 3517605, at *11-17. The statements in issue had been made by a police officer at a hearing on a motion to suppress and concerned the defendant's oral and written statements admitting his guilt. <u>Id.</u> at *4. The defendant had unsuccessfully sought to suppress those statements on the grounds that he not been properly advised of his <u>Miranda</u> rights and his statements were involuntary. <u>Id.</u> Thus, the defendant's focus at the suppression hearing was to demonstrate that the confession had been improperly obtained. <u>Id.</u> at *15. This motive was "substantially dissimilar," <u>id.</u> at *12, to what would have been the defendant's motives at trial to challenge the officer on the substance of the defendant's statements and to cast doubt on the officer's credibility and the reliability and completeness of his version of the defendant's statements, <u>id.</u> at *15.

7

> 2. Whether the Confrontation Clause can be violated even if the evidence is admissible under Fed. R. Evid. 804(b)(6);
>
> 3. Whether the evidentiary standard necessary to find a waiver of the Sixth Amendment right to confrontation is clear and convincing evidence;
>
> 4. Whether a finding of a witness' "reliability" under the circumstances of this case can only be satisfied by cross-examination;
>
> 5. Whether the government's admission it possessed no evidence that defendant did anything to intend or to cause a witness to be unavailable is sufficient to waive his Sixth Amendment right to confront and cross-examine the witness.

Motion at 5.

Hernandez fails to establish that he is entitled to any additional or more specific rulings. He previously made his Sixth Amendment argument, and the court rejected it. Assuming the Sixth Amendment affords greater rights than Rule 804(b)(6) and may be violated even if Rule 804(b)(6) is satisfied, this court has already rejected all of Hernandez's arguments on the Zelka issue. The court need not make additional rulings on the present reconsideration motion. To the extent Hernandez seeks to preserve his constitutional claim so that he may raise it on appeal, Hernandez fails to explain why any additional rulings are necessary.

Moreover, with respect to Hernandez's third request, this court has already explicitly ruled that it considers preponderance of the evidence, not clear and convincing evidence, to have been the appropriate evidentiary standard.

Hernandez's fourth request seeks a ruling as to whether an opportunity to cross-examine is the only way to satisfy the Sixth Amendment. This court's ruling clearly concludes that this is not the case if the preponderance of the evidence indicates that a witness's unavailability was procured by a defendant. Unavailability presumes a lack of opportunity to cross-examine at trial.

With respect to Hernandez's fifth request, Hernandez points to nothing in the record showing that the United States admitted that it lacked evidence that Hernandez intended to procure Villagomez's unavailability. While the United States lacked direct evidence, it did present circumstantial evidence, which this court relied on in making its ruling.

The court thus declines to reconsider its order denying Hernandez's motion for a new trial and requesting rulings.

**IV.    CONCLUSION.**

The court DENIES Hernandez's motion for reconsideration and specific rulings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Hernandez; Crim. No. 08-00739 SOM; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND SPECIFIC RULINGS