```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CRIM. NO. 08-00739 SOM
                             )
         Plaintiff,          )
                             )    ORDER DENYING MOTION FOR
    vs.                      )    RECUSAL
                             )
RAMIRO HERNANDEZ,            )
                             )
         Defendant.          )
_____)
```

**ORDER DENYING MOTION FOR RECUSAL**

**I.     INTRODUCTION.**

Defendant Ramiro Hernandez has filed a motion seeking recusal of this judge pursuant to 28 U.S.C. § 455. Because Hernandez does not establish that the impartiality of this judge might reasonably be questioned, his motion is denied.

**II.    FACTUAL BACKGROUND.**

On December 30, 2012, Ramiro Hernandez and John Gouveia, Jr., were charged in a three-count indictment. Count I charged that, from February through July 27, 2006, Hernandez and Gouveia knowingly and intentionally conspired to distribute and possess with intent to distribute 500 or more grams (totaling approximately 28 pounds) of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count II charged that, on or about March 15, 2006, Hernandez and Gouveia knowingly and intentionally possessed with intent to distribute 500 or more grams (totaling approximately 14

pounds) of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Count III charged that, on or about July 27, 2006, Hernandez and Gouveia knowingly and intentionally attempted to possess with intent to distribute 500 or more grams (totaling approximately 14 pounds) of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On August 18, 2010, a jury convicted Gouveia of all three counts, determining that, with respect to each count, 500 grams or more of methamphetamine was involved.  See ECF No. 174. A mistrial was declared with respect to the charges against Hernandez.  See ECF No. 173.  Gouveia was sentenced to 292 months of imprisonment and 10 years of supervised release for each of the three counts, with all terms to be served concurrently.  The court also imposed a $300 special assessment.  See ECF No. 231. Gouveia's judgment has been affirmed.  See ECF No. 406.

On February 1, 2012, after a retrial, a jury convicted Hernandez of all three counts, determining that, with respect to each count, 500 grams or more of methamphetamine was involved. See ECF No. 397.

On September 24, 2012, this court held a sentencing hearing.  At that hearing, the court noted that, under the

advisory guidelines, Hernandez's total offense level was 43 and his criminal history category was III, resulting in an advisory guideline range of life in prison. See Transcript of Proceedings of Sept. 24, 2012 at 20, ECF No.452-2. The court noted that the probation officer was proposing a sentence of 320 months of imprisonment, which was a variance from the guideline range. Id. at 21. The court then told the parties that it wanted "some discussion" regarding "avoiding unwarranted disparity in sentencing not just within the case but looking also across cases." Id.

The court told the parties about an unrelated drug case in which it had sentenced Anabel Valenzuela to 384 months. Valenzuela had an offense level of 46 and a criminal history category of I. Id. The court stated:

> So here I have Mr. Hernandez, a lower offense level, 43, higher criminal history. He's in criminal history category 3. I don't know that the 64-month differential lower in his favor is justified. It may be. I kind of think Miss Tower [, Hernandez's counsel,] may argue even a greater disparity. But I would like for the parties to take a look at that.

Id. at 22.

The court further noted:

> It's just one case, but we don't have that many cases that actually go to trial that end up with that -- with anything, you know, with 30 years or more or something close to 30 years, and so it comes to mind. And there may well be -- the drug amount is clearly a difference. There were multiples more pounds

3

> involved in that [case]. And that's
> reflected in the higher offense level, too.

Id. at 24.

The court asked the parties whether they wanted to continue the hearing to review the Valenzuela case, in which the court "did impose a 384-month sentence that may well not be appropriate [in Hernandez's case]," and told the parties, "I would like articulation as to why that's not appropriate." Id. at 31.

Counsel for Hernandez then pointed out that there had been a case that "was another huge drug case here in this district" in which the defendant was sentenced to 262 months. Id. at 32. The court told counsel, "Okay. So you can argue that, too." Id.

Counsel for Hernandez asked whether she should search the national database. The court replied:

> You could if you wanted to. It just so
> happens that, you know, all of us are not
> only informed by research we do, but we're
> also informed by what we've actually lived
> through. That happens to be a case that is
> one of the few cases that went to trial that
> I ended up with a sentence so high. And so
> it would help me if you think that sentence
> has many distinguishing features from this
> case, if you would articulate those for me.
> And then if I agreed with you, I could rely
> on them, too, in saying why this case is
> different.

Id. at 32.

The court later stated:

4

> You are free to argue any case to me as distinguishable or analogous. I agree that, you know, it isn't so that you should be limited to one case. I also think it's impracticable for me to expect that you're going to study 2,000 cases and come and talk to me about them. . . . And I am suggesting because I have that case in mind that you might find it helpful to tell me why that case is distinguishable from or analogous to this case because I am telling you I have it in mind. . . . I pull back the curtain to let you know as much as I can because I think it helps me to make a better decision if I can help you to address the things floating around in my idiotic mind. That is part of why I'm doing this. You do not have to take me up on it at all. If you think that is the wrong question and I should totally put that out of my mind, you can come and argue that to me. It's in my mind is what I'm telling you; so I am giving you the opportunity to address this thing, which rightly or wrongly is in my mind.

Id. at 34-35.

The court then stated, "I may go below what the probation officer has recommended, but I may go above." Id. at 36.

The court noted, "I am trying to give you as much as possible what's in my head. I didn't have to do that. If I didn't tell you about it, it would still be in my head. . . . I feel like I'm trying to help you to make the best case for your client by telling you something that's in my head. If this creates more problems for you, then I don't have to tell it to you." Id. at 37.

5

The parties then asked for a continuance.  Id. at 37. Counsel for Hernandez stated that she wondered whether the court could sentence Hernandez fairly "in light of the fact that you have this other case in your head."  Id. at 39.  The present motion to recuse followed.  See ECF No. 452.

**III.    STANDARD.**

Hernandez seeks recusal of this judge pursuant to 28 U.S.C. § 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In determining whether recusal is required, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).  The reasonable person is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)).

The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  Id. (quoting United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)); Perry v. Schwarzenegger, 630 F.3d 909, 916 (9th Cir.

6

2011) ("It is also important, however, that judges not recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality."). In the absence of a legitimate reason for recusal, a judge should participate in the case. Holland, 519 F.3d at 912.

Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). "A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune." Id. at 556.

When a motion to recuse is sought based on § 455, "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

**IV.     ANALYSIS.**

In arguing for recusal of this judge, Hernandez claims that, at his sentencing hearing, this judge "repeatedly stated that [she] could not get Ms. Valenzuela's case out of [her]

7

mind." See Motion at 6, ECF No. 452-1. The factual predicate for this argument is unsupported. This judge never stated that she could not put that case out of her mind. Instead, this judge only noted that, because she was required to prevent sentencing disparities, she was considering a case involving a guilty verdict relating to a large-scale drug conspiracy in which the defendant, Anabel Valenzuela, was sentenced to 384 months of imprisonment. That is, the judge said she had the Valenzuela case in mind, not that she could not put it aside. The court asked the parties to discuss whether they considered that case similar or distinguishable. In response to questions by counsel, the court noted that any additional cases that counsel wanted to discuss would also be helpful.

Nothing in the record suggests that this court "had already decided on a sentence of 384 months in prison for Mr. Hernandez." See Motion at 6, ECF No. 452-1. To the contrary, the court indicated to the parties that it had not decided the appropriate sentence for Hernandez and stated, "I may go below what the probation officer has recommended, but I may go above." See Transcript at 36.

The main argument behind the present motion to recuse appears to be that this judge is not a "blank slate." That is, Hernandez seeks recusal because this judge has previously sentenced a defendant and has invited the parties in this case to

8

compare the cases and discuss the similarities and differences. However, there is no requirement that a judge approach a sentence with a "blank slate." Judges are informed by not only research and arguments of counsel, but also their real-life experience. Judges are not required to ignore those real-life experiences when sentencing a defendant. To the contrary, in fashioning an appropriate sentence, judges are statutorily given the task of considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Whether the previously sentenced defendant is or is not similar to Hernandez is the very issue the parties were given a chance to address. No reasonable person would question this judge's impartiality as a result of the judge's invitation to counsel. To rule otherwise would be to require a judge to recuse whenever the judge had sentenced someone else or even thought of or referred to someone else.

In a footnote, Hernandez questions why this court failed to disclose that it had also sentenced Valenzuela's husband, Benjamin Acuna, to 384 months of imprisonment. Because the judge thought that arguments as to the issue of differences from or similarities to Valenzuela's sentence would apply to Acuna's sentence, the court saw no reason to separately inquire about Acuna's sentence. In any event, having referred the

9

parties to the electronic case file, the court certainly was not trying to hide Acuna's conviction and sentence from the parties! The parties could also see from the case file that this court has recently addressed Valenzuela's and Acuna's sentences in ruling on their motions brought pursuant to 28 U.S.C. § 2255.

Finally, Hernandez complains about this court's "cavalier attitude towards the inconsistent sentencing statements." See Transcript at 8. Hernandez complains that, in the first sentencing recommendation, the probation officer, having determined that Hernandez had a total offense level of 42 and a criminal history category of III, recommended a variance to a sentence of 240 months of imprisonment. Subsequently, the probation officer recalculated the guidelines and determined that Hernandez had an adjusted offense level of 44. The total offense level was listed as 43 because the guidelines do not go above 43. With a total offense level of 43 and a criminal history category of III, Hernandez's advisory guideline range remained life, but the probation officer recommended a variance from that guideline range to a sentence of 320 months of imprisonment. This court ruled that the recalculated guideline range was correct. Given the discussion at the sentencing hearing concerning the new guideline calculation, Hernandez is simply incorrect in saying that this court was "cavalier" about the "inconsistent sentencing statements." See Transcript at 21.

## V.     CONCLUSION.

Because Hernandez fails to establish that the impartiality of this judge may reasonably be questioned, his motion to recuse this judge is denied.

            IT IS SO ORDERED.

            DATED: Honolulu, Hawaii, November 27, 2012.



                        /s/ Susan Oki Mollway
                        Susan Oki Mollway
                        Chief United States District Judge

United States of America v. Hernandez; Crim. No. 08-00739 SOM; ORDER DENYING MOTION FOR RECUSAL